IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CASE NO.  1:16 CR 236 |
| | : |
| Plaintiff | : JUDGE PATRICIA A. GAUGHAN |
| | : |
| vs. | : |
| | : |
| **ADAM LIBBEY-TIPTON** | : **DEFENDANT'S TRIAL BRIEF** |
| | : |
| Defendants | : |

## I. STATUS OF THE CASE

On July 27, 2016, an indictment was filed with this Court, charging Mr. Libbey-Tipton with possession of child pornography. On January 18, 2017, a superseding indictment was filed with this Court, charging Mr. Libbey-Tipton with (1) Receiving Material Involving the Sexual Exploitation of Minors; (2) Accessing with the Intent to View Material Involving the Sexual Exploitation of Minors; (3) Possessing Material Involving the Sexual Exploitation of Minors. Mr. Libbey-Tipton has entered not guilty pleas to all charges.

On or about August 28, 2017, Attorney William T. McGinty was appointed by this Court to represent Defendant in all further proceedings.

## II. SUMMARY OF THE FACTS

The Government alleges that on and before February 28, 2015, Mr. Libbey-Tipton viewed child pornography on the Playpen web site. At the time, the FBI was operating the site to deploy "NITs" pursuant to a warrant issued in the Eastern District of Virginia on February 19, 2015. On or about March 3, 2015, the FBI surreptitiously sent the NIT to a computer connected to someone with the username "Revenger" and extracted its IP address and other identifying Case: 1:16-cr-00236-PAG Doc #: 32 Filed: 05/09/17 1 of 6. PageID #: 443 2 information. The Government alleges that

"Revenger" accessed a post that contained a link to a child pornography video. On August 7, 2015, FBI agents assisted by local law enforcement executed a search warrant at the home of Mr. Libbey-Tipton in Cleveland, Ohio. Mr. Libbey-Tipton is thirty-one (31) years old and is currently self-employed. The search was conducted pursuant to a warrant issued by the Honorable Gregory A. White.

## III. ELEMENTS OF THE OFFENSE

### A. Receiving Material Involving the Sexual Exploitation of Minors (Count One)

The Government alleges in Count One of the Superseding Indictment that Mr. Libbey-Tipton knowingly received in interstate and foreign commerce, by computer, numerous computer files, while file contained visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). The Government must prove each of the following elements beyond a reasonable doubt in order to convict Mr. Libbey-Tipton of Receiving Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2):

> First, that the Defendant knowingly received a visual depiction;
>
> Second, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;
>
> Third, that the visual depiction was of a minor engaging in sexually explicit conduct;
>
> Fourth, that the defendant knew that that the visual depiction was of a minor engaging in sexually explicit conduct;
>
> Fifth, that the visual depiction was received using any means or facility of interstate or foreign commerce or had been shipped or transported in or affecting interstate or foreign commerce using any means or facility of interstate or foreign commerce.

Pattern Crim. Jury Instr. 6th Cir. 16.05 (2016 ed.).

## B. Accessing with the Intent to View Material Involving the Sexual Exploitation of Minors (Count Two)

Count two (2) of the Superseding Indictment alleges that on or about November 6, 2014, through on or about March 5, 2015, Mr. Libbey-Tipton did knowingly access with the intent to view digital files containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The Government must prove each of the following elements beyond a reasonable doubt in order to convict Mr. Libbey-Tipton of Accessing with the Intent to View Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B):

> First, that Mr. Libbey-Tipton knowingly accessed with the intent to view one or more books, magazines, periodicals, films, video tapes, websites, electronic storage media, or other material containing a visual depiction;
>
> Second, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;
>
> Third, the visual depiction was of a minor engaging in sexually explicit conduct;
>
> Fourth, the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct;
>
> Fifth, that the visual depiction was received using any means or facility of interstate commerce using any means or facility of interstate or foreign commerce.

Pattern Crim. Jury Instr. 6th Cir. 16.06 (2016 ed.).

## C. Possessing Material Involving the Sexual Exploitation of Minors (Count Three)

Count three (3) of the Superseding Indictment alleges that on or about August 4, 2015, Mr. Libbey-Tipton did knowingly possess a Dell computer, two (2) Seagate external hard drives, two (2) Maxtor hard drives, and a Western Digital hard drive, each of which the Government alleges each of which contained visual depictions of real minors engaged in sexually explicit conduct, which visual depictions, using any means and facility of interstate or foreign commerce, had been shipped and transported in and affecting interstate commerce, by any means including by computer, and which

were produced using materials which had been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, in violation of 18 U.S.C. § 2252(a)(4)(B). The Government must prove each of the following elements beyond a reasonable doubt in order to convict Mr. Libbey-Tipton of Possessing Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B):

> First, that Mr. Libbey-Tipton knowingly accessed with the intent to view one or more books, magazines, periodicals, films, video tapes, websites, electronic storage media, or other material containing a visual depiction;
>
> Second, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;
>
> Third, the visual depiction was of a minor engaging in sexually explicit conduct;
>
> Fourth, the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct;
>
> Fifth, that the visual depiction was received using any means or facility of interstate commerce using any means or facility of interstate or foreign commerce.

Pattern Crim. Jury Instr. 6th Cir. 16.06 (2016 ed.).

## IV. STIPULATIONS BY THE PARTIES

The parties have not agreed to any stipulations in this case.

## V. JOINT JURY INSTRUCTIONS

The parties have agreed upon a joint set of jury instructions, which will be provided to this Honorable Court.

## VI.  ESTIMATED LENGTH OF TRIAL

Defendant anticipates that a jury trial in this matter will last approximately one (1) week.

Respectfully submitted,

**\S\ WILLIAM T. McGINTY**
**WILLIAM T. McGINTY  (0009285)**
McGINTY, HILOW & SPELLACY CO., LPA
The Rockefeller Building, Suite 1300
614 West Superior Avenue
Cleveland, Ohio  44113
Phone: (216) 344-9220
Fax:     (216) 664-6999
E-mail: billy@mghslaw.com

COUNSEL FOR DEFENDANT
ADAM LIBBEY-TIPTON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant's Trial Brief was forwarded to Brian McDonough, Esq., Assistant United States Attorney, via the Court's electronic filing system, on this 22nd day of May, 2018.

\S\ William T. McGinty
**WILLIAM T. McGINTY (0009285)**