IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16CR236 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| ADAM LIBBEY-TIPTON, | ) | UNITED STATES' TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Megan R. Miller and Brian M. McDonough, Assistant United States Attorneys, respectfully submits the following trial brief in accordance with this Court's Trial Order.

## I.  CONTROLLING LAW

Count 1 of the Superseding Indictment charges Defendant Adam Libbey-Tipton with receiving a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2).  The relevant statute reads as follows:

> Any person who . . . knowingly receives . . . any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer . . . if: (i) the producing or such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct;

commits a crime under federal law.

Counts 2 and 3 of the Superseding Indictment charge the defendant with accessing with intent to view material involving the sexual exploitation of minors and possessing material involving the sexual exploitation of minors, both in violation of 18 U.S.C. § 2252(a)(4)(B).  The relevant statute reads as follows:

> Any person who knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that . . . has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if: (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct;

commits a crime under federal law.

## II.     ANTICIPATED EVIDENTIARY ISSUES

### A.     STATEMENT OF THE FACTS

If this case proceeds to trial, the United States intends to offer evidence of the following:

From on or about November 6, 2014, through on or about March 4, 2015, Libbey-Tipton used his computer to access "Website A"—an underground website dedicated to the advertisement and distribution of child pornography.  Website A contained posting and discussion forums such as "Jailbait – boy"; "Jailbait – girl"; "Preteen – boy"; "Preteen – girl"; "Preteen videos – girl HC"; "Preteen videos – boy HC"; "Toddlers"; and "Kinky Fetish – Scat." Website A operated on an anonymous "Network" which was only available to internet users who knew of its existence.  The Network was designed to facilitate anonymous communication of the internet and required the installation of computer software to use.  Use of the Network prevents someone attempting to monitor an internet connection to ascertain the location or identity of the user.

2

During that time, Libbey-Tipton—using the username "Revenger"—used his computer to access Website A for a total of 34 hours, 13 minutes, ad 24 seconds. He accessed a post entitled "NEW Mary 2014," which contained a preview for a video that depicted an adult male inserting his fingers into the exposed vagina of a prepubescent girl. He also accessed the post "Pedo Moms" that contained a link to five images that depicted an adult female kissing a prepubescent boy and putting the child's penis in her mouth. He also accessed the post "Nude public upskirts? (request)" that contained links to 39 images that depicted prepubescent girls' vaginas exposed in public, including the exposed vagina of a prepubescent girl playing on a public playground.

On August 4, 2015, the FBI executed a federal search warrant at Defendant's residence. Six items seized during the search—a Dell computer, two (2) Seagate external hard drives, two (2) Maxtor hard drives, and a Western digital hard drive—contained visual depictions of real minors engaged in sexually explicit conduct. Additionally, a forensic examination of these items revealed evidence that the Defendant received computer files containing visual depictions of real minors engaged in sexually explicit conduct from on or about October 26, 2006, through on or about August 4, 2015.

B.  DEFENDANT'S PRIOR CHILD MOLESTATION OFFENSE

On October 4, 2016, the United States provided notice of its intent to admit evidence of Defendant's prior child molestation offense under Federal Rule of Evidence 414. As explained in detail in the government's notice, Federal Rule of Evidence 414 permits the government to introduce the evidence of a prior child molestation offense to prove propensity in child pornography cases. FED. R. EVID. 414(a); *see also United States v. Seymour*, 468 F.3d 378, 384-85 (6th Cir. 2006) (stating that FRE 414 "create[s] an exception to the general ban on propensity evidence contained in Rule 404(b)") (internal citations omitted). Relevant evidence of a

3

defendant's other crimes of child molestation is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice or by any other factor under FRE 403. *See United States v. Sanchez*, 440 F. App'x 436, 439-40 (6th Cir. 2011).

Libbey-Tipton's prior child molestation offense is admissible under this standard. On May 10, 2011, a jury convicted Defendant of Gross Sexual Imposition, a third-degree felony, in violation of Ohio Revised Code § 2907.05 in Cuyahoga County Court of Common Pleas Case No. CR-11-549697. Libbey-Tipton's offense involved pulling down the pants of a 4-year-old victim and engaging in skin-to-skin, fingers-to-vagina contact with her. Evidence of this crime makes a fact of consequence (*i.e.*, whether Libbey-Tipton received, accessed with intent to view, or possessed child pornography) more or less likely. Simply put, Libbey-Tipton's prior child molestation offense demonstrates his propensity to receive, access and possess child pornography.

Moreover, the significant probative value of this evidence outweighs the danger of unfair prejudice. The substantial similarity between Libbey-Tipton deriving sexual gratification from molesting a young child demonstrates his propensity to derive sexual gratification from seeking out and accessing child pornography involving young children. Given these similarities, the concerns under FRE 403 are not implicated. For these reasons as well as those set forth in the United States' notice, evidence of Libbey-Tipton's prior child molestation offense should be admitted under FRE 414. On May 19, 2017, in its Order (Doc. 40), this Honorable Court denied defendant's Motion in Limine To Exclude Prior Child Molestation Offense (Doc. 37).

C. DEFENDANT'S SELF-SERVING EXCULPATORY STATEMENTS

It is well-settled that defendants cannot seek to introduce their own self-serving exculpatory statements. *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citing

4

*United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996), *cert. denied*, 522 U.S. 934 (1997)). Indeed, while the Federal Rules of Evidence allow the government to introduce inculpatory statements made by a defendant, the "Rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *Id.*  Thus, while the government is permitted to introduce some or all of a defendant's statements against him as non-hearsay admissions of a party-opponent under Rule 801(d)(2), a defendant is not permitted to introduce his own statements under the same Rule. This rule applies equally to the evidence the defendant seeks to introduce in his own case as it does to the evidence he tries to elicit through the cross-examination of witnesses.

Libbey-Tipton spoke briefly with law enforcement during the execution of the search warrant at his residence.  Because the government may be introducing portions of the defendant's statements, it anticipates that Libbey-Tipton may try to elicit certain self-serving denials made during this conversation from the testifying law enforcement agent pursuant to Rule 106.  In addition or in the alternative, he may try to call another witness to elicit similar testimony.  The "rule of completeness," however, does not override the prohibition from admitting self-serving, exculpatory statements.  *Gallagher*, 57 Fed. Appx. at 628-29.  The "completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded." *Id.*, quoting *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 718 (6th Cir. 1999); *see also United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982).  If the government were seeking to mislead the jury regarding the actual meaning of one of the defendant's admissions, the completeness doctrine might be implicated.  That, however, is not the case here.

5

### III. TRIAL DOCUMENTS

#### A. STIPULATIONS

The United States proposed stipulations that certain identified images from the defendant's electronic devices (i) depicted real minors; and (2) traveled in interstate commerce. The United States also proposed an evidentiary stipulation regarding the identity and authenticity of records from AT&T/U-Verse. Currently, however, the United States and the Defendant have not entered into any stipulations.

#### B. PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the Court submit to the jury the joint proposed instructions filed under Doc. #33.

#### C. PROPOSED *VOIR DIRE* QUESTIONS

The United States respectfully requests that the Court direct the proposed questions filed under Doc. #34 to the jury panel during *voir dire* examination.

### IV. COURTROOM PROCEDURE

#### A. JENCKS MATERIAL

The United States will provide *Jencks* material to the defense in a timely manner.

#### B. SEQUESTRATION OF WITNESSES & PRESENCE OF GOVERNMENT AGENT AT TRIAL

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615. The government designates FBI Special Agent Lisa Hack as its representative in this case to be present at counsel table throughout the trial. Agent Hack's presence in the courtroom during trial is essential to the presentation of the government's case. *See* FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's

6

representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

## V. ESTIMATED LENGTH OF TRIAL

The United States anticipates completing its case-in-chief in approximately two to three days.

## VI. CONCLUSION

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:  /s/ Brian M. McDonough
    Megan R. Miller (OH: 0085522)
    Brian M. McDonough (OH: 0072954)
    Assistant United States Attorneys
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3855/3965
    (216) 522-8355 (facsimile)
    Megan.R.Miller@usdoj.gov
    Brian.McDonough@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Brian M. McDonough
Brian M. McDonough
Assistant U.S. Attorney